IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Carols Kinlaw, | ) C/A No.: 9:14-4655-DCN-MGB |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| | ) |
| The State of South Carolina Workers' Compensation Commission; Gene McCaskill; Avery B. Wilkerson, Jr.; Melody L. James; Aisha Taylor; Brian O'Keefe; Keith Robert; Governor Nikki R. Haley; McAngus, Goudelock & Courie LLC; and Erin Hantske, *Esq*., | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Carlos Kinlaw ("Plaintiff" or "Kinlaw"), proceeding pro se and in forma pauperis, brings this civil action against the State of South Carolina Workers' Compensation Commission and various individuals associated with Plaintiff's workers' compensation case. (See generally Dkt. No. 1.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court.  After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams,

490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).  The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2)(B).  Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  Neitzke, 490 U.S. 319.

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam).  Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court.  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff attempts to bring a claim for a conspiracy to violate Plaintiff's Sixth and Fourteenth Amendment rights. (See Dkt. No. 1 at 4-5 of 7.) Plaintiff's claims appear to be based upon the postponement of a hearing in his workers' compensation case. (See id. at 4 of 7.) Plaintiff states (verbatim),

> Brian O'Keefe Esq. and Commissioner Gene McCaskill planned to violated my 6th and 14th amendment right. Commissioner Gene McCaskill postponed a hearing January 9, 2013 and it was to happen on February 28, 2013 but the attorney Brian O'Keefe postponed it on February 13, 2013. The commissioner did the hearing on April 23, 2013 which broke this law 67-613 E (3) (4) which is also a clear violation of my 6th and 14th amendment right to a fair trial, improper venue and procedural due process violations because he did not have the judicial authority to hold the hearing and reset the case that power is given to the South Carolina Workers' Compensation Commission Judicial Department. Appellate panel made up of Commissioners Avery B. Wilkerson, Jr, Melody L James, Aisha Taylor and Erin Hantske Esq. did a conspiracy to aid in a 6th and 14th amendment right violation in their decision because they could see in the paper work for the case all the postponements in the file and did not act to give a fair trial or procedural due process.
>
> In Beaufort, South Carolina, In The Court of Common Pleas Fourteenth Judicial Circuit in the County of Beaufort South Carolina a civil lawsuit was heard on August 7, 2014 at 2:00pm Carlos Kinlaw and God Sent Transport LLC vs. Workers Compensation Commission of South Carolina, Case No 2014CPo701142 before Judge Carmen T Mullen over a 6th Amendment violation by the state, where Keith Robert, Esq. appeared of the defendant in the hearing. I told the Judge Mullen in the hearing and on the paper work that my 6th Amendment right was violated by the state. Mr. Robert said in that hearing that the state had clear up the 6th Amendment problem when they had not did it at all. Mr. Robert hide the fact that Workers Compensation Commission of South Carolina had planned a conspiracy with the lawyers and commissioners to violated my 6th and 14th amendment rights through a workers compensation hearing. This conspiracy could not have been pull off without the Governor Nikki R. Haley knowing about it because of the civil

3

lawsuit in The Court of Common Pleas and Workers Compensation Commission of South Carolina is ran by the Governor office.

(Id. at 4-5 of 7.)

In the "Relief" section of his Complaint, Plaintiff states that he "would like the court to make the state follow procedural Due process in this case as require by sc law 67-613 E (3) (4) of workers compensation." (Dkt. No. 1 at 7 of 7.) Plaintiff also seeks sixteen million dollars "because the state should not ever plan a conspiracy to violate[] a person 6th, 14th Amendment right in court." (Id.)[1]

## DISCUSSION

As noted above, Plaintiff has named the State of South Carolina Workers' Compensation Commission and various individuals associated with Plaintiff's workers' compensation case as Defendants in the case *sub judice*. (See generally Dkt. No. 1.) Defendant O'Keefe is an attorney at Defendant McAngus, Goudelock & Courie LLC, a law firm; O'Keefe represented Plaintiff's former employer. Defendants McCaskill, Wilkerson, James, Taylor and Hantske are alleged commissioners at the Defendant State of South Carolina Workers' Compensation Commission. Defendant Robert is an attorney who appeared in Plaintiff's state case of Kinlaw v. Workers Compensation Commission of

---

[1] This is not Plaintiff's first civil action arising out of his workers' compensation case. In Kinlaw et al. v. Lowes Home Center Inc., et al., Civ. A. No. 9:14-cv-2815-DCN, Kinlaw alleged that the defendants "committed fraud, collusion, civil RICO, conspiracy, and broke HIPAA in a workers compensation case by using attorneys and doctors to give them reports in their favor." (Dkt. No. 1 at 5 of 7 in 9:14-cv-2815-DCN.) On September 25, 2014, the Honorable David Norton issued an order dismissing the action without prejudice and without service of process. (Dkt. No. 24 in 9:14-cv-2815-DCN.) Plaintiff appealed, and on December 18, 2014, the United States Court of Appeals for the Fourth Circuit affirmed the dismissal. (Dkt. No. 33 in 9:14-cv-2815-DCN.)

In addition, Plaintiff has another case currently pending in the United States District Court for the District of South Carolina: Kinlaw v. Lowes Home Center Inc., et al., Civ. A. No. 9:15-cv-444-DCN-MGB.

South Carolina, 2014CP0701142. Plaintiff names Defendant Haley, the Governor of South Carolina, alleging that "[t]his conspiracy could not have been pull[ed] off without the Governor . . . knowing about it." (Dkt. No. 1 at 5 of 7.)

The instant action is subject to summary dismissal. Plaintiff's alleged injuries in this case arise out of his state workers' compensation lawsuit, and he seeks, *inter alia*, to have this court "make the state follow procedural Due process . . . as require[d] by sc law 67-613 E (3) (4) of workers compensation." (Dkt. No. 1 at 7 of 7.) The Rooker-Feldman doctrine precludes this suit. The doctrine provides that "lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with the superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997); see also District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The doctrine "precludes federal 'review of adjudications of the state's highest court [and] also the decisions of its lower courts.'" Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004) (quoting Jordahl v. Democratic Party, 122 F.3d 192, 199 (4th Cir. 1997)). "The Rooker-Feldman bar extends not only to those issues actually decided by a state court but also to those that are 'inextricably intertwined with questions ruled upon by a state court.'" Id. (quoting Plyler, 129 F.3d at 731). If "'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it,'" the "federal claim is 'inextricably intertwined' with a state court decision." Id. (quoting Plyler, 129 F.3d at 731).

In a 2005 opinion, the United States Supreme Court clarified the scope of the Rooker-Feldman doctrine, stating,

> The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Subsequently, the Fourth Circuit stated,

> Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker–Feldman doctrine does not apply.

Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006).

In Shooting Point, LLC v. Cumming, 368 F.3d 379, the plaintiffs brought suit in federal court while a state court judgment was on appeal. The plaintiffs filed suit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 "for alleged violations of their rights guaranteed by the Fifth and Fourteenth Amendments." Shooting Point, 368 F.3d at 382. In count one, the plaintiffs alleged that the defendants "participated in a conspiracy to deprive [p]laintiffs of their federal and civil constitutional rights." Id. In counts two through five, the plaintiffs alleged that the defendant local resident engineer of the Virginia Department of Transportation deprived the plaintiffs "of their rights to equal protection under the Fourteenth Amendment, to just compensation under the Fifth Amendment, and to procedural and substantive due process under the Fourteenth Amendment." Id. The district

court dismissed various counts on Rooker-Feldman grounds, and the Fourth Circuit affirmed, stating, "Because the case is essentially a residential land dispute and the federal issues are inextricably intertwined with those that the state court has already decided, we affirm." Id. at 381.

Although the claims in Shooting Point did not arise out of workers' compensation litigation, the principles apply here. Plaintiff's federal claims are inextricably intertwined with various state court decisions. The undersigned recommends dismissing the instant case pursuant to the Rooker-Feldman doctrine. See Shooting Point, 368 F.3d 379; Kemper v. Indus. Claim Appeals Office of Colo., 83 F. App'x 290 (10th Cir. 2003) (holding that Rooker–Feldman doctrine barred constitutional claims following denial of workers' compensation benefits); see also Davani, 434 F.3d at 719 ("[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court."); Perry v. South Carolina, Civ. A. No. 2:13-cv-2186 DCN, 2013 WL 5428556, at *5 (D.S.C. Sept. 26, 2013) ("As Plaintiff is claiming that she was injured by decisions made and outcomes reached in Dorchester County courts, to rule in Plaintiff's favor on her constitutional claims would, necessarily, require this Court to overrule and reverse orders and rulings made in the state courts. Such a result is prohibited under the Rooker–Feldman doctrine."); Patterson v. Richstad, Civ. A. No. 0:09-2051-MBS, 2010 WL 793692, at *5 (D.S.C. Mar. 5, 2010) (summarily dismissing the plaintiff's complaint as barred by the Rooker-Feldman doctrine

where "[t]he factual allegations contained in the Complaint . . . show that [p]laintiff's claims of constitutional violations . . . are all based on her displeasure with being the losing party in three state-court cases . . . ").

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

February 27, 2015
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).